UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT HOUSE,

        Plaintiff,

    -v-                          **6:11-cv-06395(MAT)**
                                   **DECISION AND ORDER**
VILLAGE OF AVON, et al.,

        Defendants.
_____

## I.   Background

Pro se plaintiff Robert House ("Plaintiff") instituted this action alleging that the defendants, which include municipal entities and officials, the United States of America, and several private individuals, all conspired to violate his rights and engaged in patterns of racketeering activity. On February 6, 2012, this Court dismissed the complaint with prejudice on initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Judgment was entered in the defendants' favor on February 6, 2012.

Plaintiff filed a notice appeal in the Second Circuit, but never perfected his appeal. Accordingly, the Second Circuit deemed the case in default and dismissed the notice of appeal effective August 20, 2012.

On February 3, 2016, Plaintiff filed an uncaptioned document titled, "Motion to vacate judgment" (Dkt #12). Plaintiff does not cite any legal authority beyond stating that his case "was not properly dismissed pursuant to the rules of civil procedure title

28 USC." (Id.). For the reasons discussed below, the motion is denied with prejudice.

## II. Discussion

Because Plaintiff is proceeding pro se, the Court will deem this application to be brought pursuant to Rule 60(b)(1) through (6) of the Federal Rules of Civil Procedure. As an initial matter, Rule 60(b) is "not . . . a substitute for an appeal from an erroneous judgment." In re Teligent, Inc., 306 B.R. 752, 761 (Bankr. S.D.N.Y. 2004), aff'd, 326 B.R. 219 (S.D.N.Y. 2005) (collecting cases).

A motion under Rule 60(b)(1), (2), or (3) "shall be made within a reasonable time, and . . . not more than one year after the judgment . . . was entered." FED. R. CIV. P. 60(b). Plaintiff's motion was not filed until nearly four years after judgment was entered. Therefore, it is untimely under Rule 60(b)(1), (2), and (3).

Subsection (4) allows vacatur when the judgment is void due to the court lacking jurisdiction. See, e.g., Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) ("[A] judgment may be declared void for want or jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'") (quotation omitted). Plaintiff has not alleged, and there is no

basis for finding, that this Court lacked subject matter jurisdiction or personal jurisdiction in this case.

Subsection (5) is irrelevant here because Plaintiff has not alleged that "the judgment has been satisfied, released, or discharged . . . ." FED. R. CIV. P. 60(b)(5).

Subsection (6), Rule 60(b)'s "catch-all" provision does not have a one year limit, but instead requires that the motion must be made within a "reasonable time." FED. R. CIV. P. 60(b)(6). To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), the Court reviews the particular circumstances of each case and "balance[s] the interest in finality with the reasons for delay." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). The Second Circuit has emphasized repeatedly that "a Rule 60(b)(6) motion requires 'extraordinary circumstances,' which 'typically do not exist where the applicant fails to move for relief promptly.'" Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 (2d Cir. 2006) (quoting 12 Moore's Federal Practice § 60.48[3][c]; citation omitted). Plaintiff, who waited nearly four years before moving to vacate the judgment, clearly "fail[ed] to move for relief promptly." Id.; see also Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion [to vacate] was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."). Moreover, Plaintiff has failed

to allege or demonstrate extraordinary circumstances to justify reopening the judgment in this case. It appears that Plaintiff is attempting to use Rule 60(b) to escape the consequences of his failure to perfect his appeal with the Second Circuit. However, "[t]he limitation on the use of Rule 60 motions as a substitute for appeal is especially true of motions under Rule 60(b)(6)." Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979).

### III. Conclusion

For the foregoing reasons, Plaintiff has not demonstrated that he is entitled to have the judgment dismissing his action vacated, under any subsections of Rule 60(b), or any other principle of equity or rule of law. Accordingly, Plaintiff's "Motion to vacate judgment" (Dkt #12) is **denied with prejudice.**

SO ORDERED.

S/ Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 22, 2016
         Rochester, New York.